# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN KENT AUGUSTUS,

    Petitioner,

vs.                                                                       Civil No. 00-1172 MV/WWD

JOE WILLIAMS, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.     THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed August 14, 2000. Mr. Augustus is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the judgment, sentence and commitment of the Second Judicial District Court, County of Bernalillo, convicted by jury trial of the crimes of trafficking cocaine and sentenced under the state's habitual offender statute.

    2. Petitioner asserts two grounds for relief in this petition:

(1) that his constitutional right to a speedy trial was violated in the delay of fourteen and one-half months between arrest and trial; and

(2) that his due process rights were violated when the trial court admitted a rock of crack cocaine into evidence where the chain of custody had been broken.

    3. In its Answer, Respondents argue that the claims should be dismissed either because they are not cognizable in federal habeas or because the state court's findings on the issues should

be afforded deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]

4. Under AEDPA, a state prisoner will be entitled to federal habeas corpus relief only if he can establish that a claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

*Right to Speedy Trial*

5. Petitioner contends that his constitutional right to a speedy trial was violated in the delay of fourteen and one-half months between arrest and trial. On appeal, Petitioner asserted violations under both the state and federal constitution. The state court of appeals addressed only the federal constitutional requirements, noting that Petitioner did not specifically present his claim under the state constitution, nor did he argue on appeal that the state constitution afforded greater protection than the federal constitution. Ans., Ex. J, at 4.

6. In addressing this claim, the court of appeals relied on the federal standard for speedy trial inquiries under Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Dirden, 38 F.3d 1131, 1137 (10th Cir.1994), in which the court considers and balances the following factors:  (1) the length of the delay;  (2) the reason for the delay;  (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant.

---

[1] Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996). See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after the Act became effective).

7. The court of appeals made specific findings based on the pre-trial record on each of these factors, and acknowledged that the fourteen and one-half month delay was presumptively prejudicial. Reasons for delay were the result of a change of counsel[2] and motions for extensions of time, due primarily to ongoing plea negotiations.

8. The state court found that Petitioner had agreed to these extensions of time at the time they were requested, and also that where a defendant and counsel become involved in a physical altercation requiring counsel's withdrawal and appointment of a new attorney, delay is for the benefit of the "Defendant and not the State." Ex. J, at 6. Thus, on this factor, delay was more attributable to the Petitioner rather than the State.

9. The state court found that defense counsel had asserted the right to a speedy trial more than two months prior to the trial, which balanced this factor more in Petitioner's favor. Although Petitioner's liberty was restricted prior to trial because he was incarcerated throughout this period, the court weighed this factor only "lightly" in Petitioner's favor, since he was "responsible in large part for the delay in proceeding to trial" and also because conditions of release were in place (a bond set in the amount of $10,000).

10. In balancing all the above factors and giving the district court's ruling "some deference," the court of appeals found that Petitioner's right to a speedy trial was not violated Ex. J, at 9.

11. I find that the state court's decision on this issue did not result "in a decision that was contrary to, or involved an unreasonable application of" clearly established law as set out by the

---

[2] Defense counsel withdrew after he indicated that too much conflict existed between him and Petitioner to continue representation. He had also become involved in a physical altercation with Petitioner.

Supreme Court of the United States and that it was a reasonable determination of the facts from evidence presented in the state court proceedings.  See 28 U.S.C. § 2254(d).

12. Determination of a factual issue made by a state court "shall be presumed to be correct." Id. § 2254(e)(1).  That presumption of correctness is rebuttable only "by clear and convincing evidence." Id.; Wallace v. Ward, 191 F.3d 1235 (10th Cir. 1999). Petitioner has not challenged the state court's recitation of the facts, nor has he offered any "clear and convincing evidence" rebutting those facts.  28 U.S.C. S 2254(e)(1).  Accordingly relief on this ground should be denied.

*Due Process - Chain of Custody*

13.  Petitioner contends that his due process rights were violated when the trial court admitted a rock of crack cocaine into evidence where the chain of custody had been broken.  He asserts that there was a break in the chain of custody of the cocaine because the scientific laboratory employee who tested it signed it out of the Albuquerque Police Department Evidence Unit and never signed it back in to the evidence unit.

14. The issue was first addressed at the trial level.  The trial judge admitted the rock of crack cocaine into evidence after initially excluding it. The state court of appeals referred to the trial proceedings and examined the testimony of the detective who had conducted a field test on the rock, as well as the forensic scientist who had subsequently performed chemical testing.  The scientist had testified that the seals of the plastic bag were unbroken and there was no indication of tampering.

15.  The state court of appeals agreed with the district court that "any possible gap in the chain of custody affected the weight of the evidence and not its admissibility." Ex. J at 10. The

4

court relied on the standard that affords the trial court discretion on the admissibility of evidence "when the evidence is shown by a preponderance of the evidence to be what it purports to be." Ex. J at 9.

16. This issue involves a state evidentiary rule, which ordinarily are not cognizable in federal habeas. See Pulley v. Harris, 465 U.S. 37, 41 (1984). A federal court will inquire into the state ruling on admissibility of evidence in a habeas review where the erroneous application of a state law violates a petitioner's constitutional guarantees. Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974).

17. However, I find no evidence of, nor does Petitioner present any basis for a finding that the admission of the rock of crack cocaine rendered the trial "so fundamentally unfair as to constitute a denial of federal constitutional rights." Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980)).

18. Further, although the state court of appeals based its decision on state evidentiary law, the decision is nevertheless consistent with a reasonable determination of the facts from the state court proceedings under United States Supreme Court law. Lockhart v. Fretwell, 506 U.S. 364 (1993) (due process is violated when result of the proceeding is "fundamentally unfair or unreliable"). Lockhart v. Fretwell, 506 U.S. 364 (1993).

19. Therefore, relief on this ground should be denied as well.

## Recommendation

I recommend that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE